KLEIN, Judge.
Appellant was severely beaten while on vacation in St. Maarten, Netherlands Antilles. He filed a victim relief claim pursuant to the Florida Crimes Compensation Act, which was denied on the basis that the crime occurred outside the territorial boundaries of the United States, and was therefore not compensable under section 960.03(3), Florida Statutes (1995), because it did not fall within the definition of a crime. Appellant relies on that portion of section 960.03(3), which, after defining crime as an “offenSe punishable under the laws of this state” goes on to define crime as including:
any such criminal act committed outside of this state against a resident of this state that would have been compensable if it had occurred in this state and that occurred in a state that does not have an eligible crime victim compensation program as the term is defined in the Federal Victims of Crime Act of 1984.
We agree that compensation was properly denied because the statute, as it presently reads,[1] would only allow compensation for criminal acts committed in this state or another state, and not a crime committed in the Netherlands, Antilles. We therefore affirm.
DELL and GUNTHER, JJ., concur.

. The legislature amended the statute effective May 1, 1997 so as to include acts of'mass violence or international terrorism committed outside of the United States, ch. 97-41, § 1, Laws of Fla.; however, the amendment is not applicable to appellant’s claim which occurred prior to the effective date of the amendment.